1  RYAN D. MILLER (SBN 256799)
2  rmiller@cmda-law.com
   CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3  3801 University Avenue, Suite 560
4  Riverside, CA  92501
   (951) 276-4420
5  (951) 276-4405 facsimile
6
7  Attorneys for Defendants
   Andrew Roosen, Salem Shubash, &
8  Armored Investment Group
9
10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| JANICE ZELLERINO, *individually and on behalf of others similarly situated*,<br><br>    *Plaintiff,*<br><br>    v.<br><br>ANDREW ROOSEN, SALEM SHUBASH, ARMORED INVESTMENT GROUP, DATAMYX, LLC, *and* EQUIFAX INFORMATION SERVICES, LLC,<br><br>    *Defendants.* | CASE NO.  16-cv-485-JLS-AJWx<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br>[F.R. Civ.P. Rules 12(b)(6)];<br><br>FILED CONCURRENTLY WITH THE REQUEST FOR JUDICIAL NOTICE AND A [PROPOSED] ORDER<br><br>DATE:   August 5, 2016<br>TIME:   2:30 p.m.<br>DEPT:   Courtroom 10A<br>JUDGE:  Josephine L. Staton |

TO PLAINTIFF JANICE ZELLERINO AND HER ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on August 5, 2016 at 2:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 10A, of the above-entitled

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1
NOTICE OF MOTION AND MOTION TO DISMISS

court located at 411 West Fourth Street, Room 1053, Santa Ana, California, defendants Andrew Roosen, Salem Shubash, & Armored Investment Group will and do hereby move this court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for a dismissal of the complaint against these moving parties on the following grounds:

1. The plaintiffs' complaint is time-barred by the applicable statute of limitations;

2. Plaintiff's complaint fails to allege a proper factual basis to pierce the corporate veil and assert liability of Andrew Roosen and Salem Shubash; and

3. Defendants are entitled to an award of attorneys' fees under the Fair Credit Reporting Act in the amount of $10,000.00 because plaintiff is fully aware that her complaint is time-barred, making her complaint futile and frivolous.

This motion is based upon this notice of motion, the attached memorandum of points and authorities, all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the hearing on this matter.

Dated: May 26, 2016        CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.

/S/ RYAN D. MILLER

By: _____
Ryan D. Miller
Attorneys for Defendants
Andrew Roosen, Salem Shubash, &
Armored Investment Group

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

2

NOTICE OF MOTION AND MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This matter arises out of Plaintiff's allegations that the Defendants, Armored Investment Group (hereinafter "Armored") and its shareholders, Andrew Roosen and Salem Shubash, improperly accessed and obtained Plaintiff's credit information from Defendant Equifax. Defendants, Armored, Andrew Roosen and Salem Shubash bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for the following reasons: (1) The Plaintiff's complaint is untimely and the Plaintiff's claims against these Defendants are time barred by the Statute of limitations; (2) Defendants Roosen and Shubash are shareholders and employees of the corporate entity Defendant, Armored, and Plaintiff's complaint fails to allege a proper factual basis to pierce the corporate veil and assert liability of these individual Defendants; (3) Defendants Roosen, Shubash and Armored assert that the Plaintiff is aware that her claim is time barred, and that this complaint is futile and frivolous and these Defendants are entitled to an award of attorney's fees under the Fair Credit Reporting Act.

## II.

## STATEMENT OF FACTS

Relying upon the statement of facts in Plaintiff's complaint, and assuming for the sake of this motion only that the allegations of the Plaintiff's complaint are true and correct, Defendant proffers the following summary of facts in support of this motion.

    A.    **Plaintiff's Complaint**

        (i)    Allegations of Improper Access to Credit Report

Plaintiff filed this lawsuit on March 17, 2016. Plaintiff's complaint is based solely on an alleged single contact to Defendant Equifax by Defendant Armored,

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

seeking credit information regarding Plaintiff Janice Zellerino. Plaintiff alleges that she obtained a copy of her credit report from Equifax and thereby learned that Defendant Armored sought her credit information for promotional purposes. Plaintiff further alleges that this inquiry by Armored was made for purposes which are not permitted under the Fair Credit Reporting Act, and therefore constituted a violation of Ms. Zellerino's privacy giving rise to this lawsuit.

(ii)   Allegations of Individual Liability of Roosen and Shubash.

Although the records obtained from Equifax by Ms. Zellerino show "Armored Investment Group" as the entity which accessed Ms. Zellerino's credit information, Plaintiff s complaint asserts the shareholders of that corporation are also personally liable.

Plaintiff alleges on "information and belief" that "Roosen and Shubash exercised pervasive and continual control over the day-to-day operations of Armored such that Armored operated at all relevant times as an agent to Roosen and Shubash," (Paragraph 7, Plaintiff's First Amended Complaint) and; "On information and belief that Armored operated at all relevant times as the alter ego of Roosen and Shubash because there exists such a unity of interest between Roosen and Shubash and Armored that the separate personality of the corporation and the individuals no longer existed." (Paragraph 8, First Amended Complaint). Plaintiff supports this by the assertion that Roosen and Shubash owned all Armored stock, they are close business associates and owned a number of businesses together, which used the same offices as Armored and that Armored was a "mere shell, instrumentality, or conduit for their business operations." (*Id*). Plaintiff alleges that all Armored stock is owned by Roosen and Shubash who are close business associates.

Beyond the mere formulaic recitation of the elements of a legal cause of action, Plaintiff's complaint is devoid of specific facts which demonstrate that Armored is "an alter ego" of Roosen and Shubash, or that they used Armored as a

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4
NOTICE OF MOTION AND MOTION TO DISMISS

"mere shell, instrumentality or conduit".

     (iii) <u>No Allegations of Contact or Damages</u>

  Plaintiff's First Amended Complaint alleges that Armored operated a "predatory debt settlement" business and that these Defendants obtained Plaintiff's credit information solely for impermissible purposes. Plaintiff does not allege receipt of any solicitation, either verbal or written, from these Defendants for purposes of debt settlement, or for any other purposes. Plaintiff attached no documentation to her complaint which would support her assertion that these Defendants solicited her business. Plaintiff does not allege actual damages, whether monetary, reputational or impairment of her ability to obtain credit.

  **B.** **<u>Prior Litigation</u>**

  On July 11, 2014, Plaintiff filed a federal lawsuit entitled "*Janice Zellerino, Individually and on behalf of others similarly situated, Plaintiff v. Andrew Roosen and Salem Shubash, d/b/a Amored Investment Group, Defendants.*" The complaint was filed in the United States District Court for the Eastern District of Michigan, Southern Division, Case No. 2:14-cv-12715-dml-mjh. In that case, Plaintiff was represented by Michigan Attorney, Ian D. Lyngklip, who is a signator on the instant complaint with the designation "Pro Hac Vice forthcoming." (A copy of that complaint is attached to the Request for Judicial Notice (hereinafter "RFJN") as Exhibit 1.[1])

  The Plaintiff's Michigan action alleged violation of the Fair Credit Reporting Act based on the same facts as give rise to the matters before this Court. Ms. Zellerino specifically alleged "<u>Ms. Zellerino obtained a copy of her Equifax Consumer Report on January 1, 2013</u>." (RFJN, Exhibit 1, Paragraph 14, Plaintiff's

---

[1] Generally, a District Court may not consider any material beyond the pleadings when ruling on a motion to dismiss under Rule 12(b)(6). But, there are two exceptions to this rule: First, material that is properly submitted as part of a complaint and second, a court may take judicial notice of matters of public record. (*Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 689-90.)

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

5

NOTICE OF MOTION AND MOTION TO DISMISS

Michigan Complaint, underline added.)

On July 29, 2015, the Honorable Judge David M. Lawson, of the United States District Court, Eastern District of Michigan, Southern Division, dismissed the Plaintiff's complaint for lack of personal jurisdiction over the Defendants, and entered Judgment dismissing the Plaintiff's complaint without prejudice. (RFJN, Exhibit 2, Opinion and Order, Exhibit 3, Judgment).  Plaintiff took no further action until she filed the instant complaint on March 15, 2016.

### III.
### DISCUSSION

#### A.   Standard for Motion to Dismiss

F.R.C.P. Rule 12(b)(6) provides that a Defendant may bring a motion to dismiss before any further pleading is permitted if the Plaintiff fails to state a claim for which relief may be granted.  Although the Court generally assumes the facts alleged in the applicable complaint to be true, Courts to do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." (*Nichols v. Byrd* (D. Nev. 2006) 435 F.Supp.2d 1101, 1104, quoting *Western Min. Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624.)  "Accordingly, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." (*Nichols v. Byrd, supra,* 435 F.Supp.2d at 1104.) "…[W]hen the plaintiff effectively pleads itself out of court by alleging facts that are sufficient to establish an affirmative defense, such as the statute of limitations, dismissal is appropriate.  (*McMillen v. Douglas Aircraft Co* (S.D. Cal. 1950) 90 F.Supp. 670, 672; *Mirbeau of Geneva Lake, LLC v. City of Lake Geneva* (E.D. Wis. 2010) 746 F.Supp.2d 1000, 1017.)

#### B.   Plaintiff's Claims are Barred by the Statute of Limitations

Plaintiff filed her complaint on March 15, 2016, outside of the applicable two year statute of limitations under the FCRA. Plaintiff's Michigan complaint unequivocally states that on January 1, 2013 Plaintiff discovered Defendants,

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

Armored, alleged improper access to her Credit Report. Accordingly, the applicable statute of limitation is two (2) years. Plaintiff's right to bring a claim of violation of the FCRA expired January 2, 2015.

The Fair Credit Reporting Act statute of limitations states:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of --

(1)   2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2)   5 years after the date on which the violation that is the basis for such liability occurs.

(15 U.S.C. § 1681p.)

In general, the term "'discovery' as used in this statute encompasses not only those facts the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have known." (*Merck & Co., Inc. v. Reynolds* (2010) 559 U.S. 633, 648 [130 S.Ct. 1784, 1796].)  The Defendant must demonstrate how a reasonably diligent Plaintiff would have discovered the violations.  (*Strategic Diversity, Inc. v. Alchemix Corp.* (9th Cir. 2012) 666 F.3d 1197, 1206.)  The statute of limitations runs from the date a reasonably diligent Plaintiff would have discovered the facts constituting the violation, not the discovery of facts that put a Plaintiff on inquiry notice.  (*Id.*)

In the case before this Court, Plaintiff's complaint fails to state the date of discovery of the alleged violation.  However, Plaintiff's pleadings in the Michigan litigation identified the date of actual discovery by the Plaintiff of Defendants' alleged wrongful access of her credit information, as January 1, 2013. (See Paragraph 14, RFJN Exhibit 1.)

The allegations in a Plaintiff complaint constitute "judicial admissions" and

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

7
NOTICE OF MOTION AND MOTION TO DISMISS

are conclusive concessions.  (*Cytodyn, Inc. v. Amerimmune Pharmaceuticals, Inc.* (2008) 160 Cal.App.4th 288, 299, fn 9.)  "A judicial admission in a pleading ... is not merely evidence of a fact; it is a conclusive concession of the truth of a matter which has the effect of removing it from the issues." (*Addy v. Bliss & Glennon* (1996) 44 Cal.App.4th 205, 218, quoting, *Walker v Dorn* (1966) 240 Cal.App.2d, 118, 120).  Admissions in a pleading are admissible against the party making them in a subsequent action between the same parties.  (*Green v. Tripp* (1880) 56 Cal. 209.)  Moreover, factual allegations in a complaint cannot be voided by contradictory averments, in a superseding, amended pleading. (*Continental Ins. Co. Lexington Ins. Co.* (1997) 55 Cal.App.4th 637, 646.)

Since Plaintiff has made a judicial admission that she was on actual notice of the alleged wrongful promotional inquiry on January 1, 2013, when she obtained a copy of her credit report showing that Armored had made the promotional inquiry, the applicable statute of limitations required Plaintiff to initiate this litigation within two years of that date. This would require her to file on or before January 1, 2015.

The complaint in this matter was filed on March 17, 2016, more than three years and three months after Plaintiff learned of the alleged improper promotional inquiry.  As a result, her claims against these Defendants are time-barred and Defendants are entitled to a judgment of dismissal of all claims against them.

**C.** **Plaintiff Cannot Show Individual Liability of Roosen and Shubash**

Defendants request this Court to dismiss the allegations against Defendant Roosen and Defendant Shubash pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff alleges that Defendants Roosen and Shubash controlled Defendant Armored, "a corporation doing business in California," that they are close business associates, and are shareholders of the corporate entity Defendant.  On

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

8
NOTICE OF MOTION AND MOTION TO DISMISS

the basis of these and other formulaic recitations of the legal elements of a claim to pierce the corporate veil, the Plaintiff asserts that Andrew Roosen and Salem Shubash should be held individually liable for the alleged wrongful actions of Armored Investment Group, a corporate entity.

Plaintiff's Complaint makes no assertion of fact which would support Plaintiff's claim of individual liability by Defendants Roosen and Shubash. Plaintiff does not allege that either Roosen or Shubash contacted Equifax to obtain Plaintiff's credit information, nor does she allege that either Roosen or Shubash made contact with her after receipt of her credit information.

Instead, Plaintiff pleads non-specific factual assertions "on information and belief" and comes to the conclusion that the Plaintiff is entitled to avoid the corporate entity and hold Mr. Roosen and Mr. Shubash personally liable. Well settled corporate law negates Plaintiff's claims against these corporate shareholders and employees, because those claims are made without any reference to specific actions of either Defendant Roosen or Defendant Shubash, and it is clear that Plaintiff has no basis whatsoever for the assertion of individual liability by Mr. Roosen or Mr. Shubash.

Although only a "short and plain statement of the claims showing the pleader is entitled to relief" is required, the Court is not "required to accept as true allegations which are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*Sprewell v. Golden State Warriors* (9th Cir. 2000) 231 F.3d 520, 527-528.) In short, the issue is not whether a plaintiff will ultimately prevail, but whether he offers evidence in support of his claims. (*Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.* (1999) 526 U.S. 629, 654 [119 S.Ct. 1661, 1676].)

The Ninth Circuit has explained the narrow situation in which an officer or director may be held personally liable for the actions of a corporation:

"A corporate officer or director is, in general, personally liable for all torts

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

9
NOTICE OF MOTION AND MOTION TO DISMISS

which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." (*Coastal Abstract Service, Inc. v. First American Title Ins. Co.* (9th Cir. 1999) 173 F.3d 725, 734.) Further, "corporate directors are not liable merely by virtue of their office for fraud or other tortious wrongdoing committed by the corporation or its officers." (*L.B. Industries, Inc. v. Smith* (9th Cir. 1987) 817 F.2d 69, 71.)

Failure to plead actual involvement and participation of an officer or director in a corporation's alleged misconduct is grounds for dismissal of the claim against the officer or director, personally. (*Aetna Cas. & Sur. Co. v. Rasa Management Co., Inc.* (D. Nev. 1985) 621 F.Supp. 892, 894, (court granted defendant officer's motion to dismiss for failure to state a claim where plaintiff had merely alleged the officer was "[corporation's] owner and manager").) Nothing in the Plaintiff's complaint alleges wrongdoing by Defendants Roosen and Shubash. Plaintiff has presented no basis for individual liability of these Defendants, and they are therefore entitled to dismissal of the claims against them.

## IV.

## THIS COURT SHOULD GRANT REASONABLE ATTORNEY'S FEES TO DEFENDANTS UNDER SECTION 1681(N) BECAUSE THE CLAIM IS WITHOUT MERIT AND BROUGHT IN BAD FAITH

The Courts do not lightly award attorney's fees for the misbehavior of an opposing party, or her counsel, however such sanction is appropriate in the present case pursuant to F.C.R.A. 1681(N). Plaintiff has actual knowledge that Armored made a promotional inquiry into her consumer credit information as of January 1, 2013. This date is specifically identified through a prior complaint filed in the United States District Court for the Eastern District of Michigan Southern Division. Then, after that Complaint was dismissed without prejudice for lack of personal jurisdiction over the Defendants, Plaintiff filed the instant action three years and three months after the date Plaintiff actually discovered Armored

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

10

NOTICE OF MOTION AND MOTION TO DISMISS

wrongfully accessed her credit information.

Implicit proof that Plaintiff recognizes the instant Complaint is time-barred is that the January 1, 2013 discovery date alleged through Paragraph 14 of the prior Michigan Complaint is not referenced in any fashion. Plaintiff makes no allegation whatsoever which would establish when she actually knew of the alleged improper access, or when she was put on inquiry notice. Plaintiff has no good faith reason for filing this Complaint, which is time-barred, and which makes unsupported and unsupportable allegations of liability on the part of individual Defendants Roosen and Shubash Plaintiff should pay these Defendants reasonable attorney's fees.

F.C.R.A. Section 1681N(c) provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith . . . the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion or other paper.

Attorney's fees can be awarded pursuant to Section 1681N(c), where "it [is] shown that the party who did not prevail commenced and continued the litigation in bad faith or for purposes of harassment." (*Edge v. Professional Claims Bureau, Inc.* (E.D.N.Y. 1999) 64 F.Supp.2d 115, 119, aff'd (2d Cir. 2000) 234 F.3d 1261.) Bad faith is shown where the party filing the complaint, did so "knowing that he had no viable claim-or that he filed an action or paper that was frivolous, unreasonable, or without foundation." (*Ryan v. Trans Union Corp.* (N.D. Ill., Feb. 26, 2001, No. 99 C 216) 2001 WL 185182, at *5.)

Defendants counsel has reviewed the pleadings in this matter, consulted with these Defendants, and counsel to Co-Defendants. Counsel has reviewed the prior litigation in the Federal Court in Michigan, conducted factual investigation, legal research and has discussed the statute of limitations bar to this claim at

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

11

NOTICE OF MOTION AND MOTION TO DISMISS

length with attorneys to Plaintiff, who denied Defendants' request to dismiss this matter. Because of this denial, Defendants' counsel drafted this motion and brief in support of dismissal. Defendants assert that an award of $10,000 in attorney's fees is reasonable, and requests that amount.

## VI.
## CONCLUSION

Plaintiff Janice Zellerino has failed to allege any facts, which if true, would permit Plaintiff to bring this action at this late date, or in any way show that Andrew Roosen or Salem Shubash bear personal liability to the Plaintiff. Plaintiff's claims against these shareholders and employees of Armored should be dismissed as a matter of law. Plaintiff's F.C.R.A. claims fail as to all Defendants because they are barred by the F.C.R.A. two year statute of limitations. Finally, reasonable attorney's fees in the amount of $10,000 should be awarded pursuant to 15 U.S. 1681n to the Defendants for the time and effort spent in defending these baseless, meritless, and frivolous claims brought by Plaintiff Janice Zellerino.

Dated: May 26, 2016          CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.

/S/ RYAN D. MILLER
By: _____
Ryan D. Miller
Attorneys for Defendants
Andrew Roosen, Salem Shubash, &
Armored Investment Group

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405