Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
628 East 9th Street
Houston TX 77007-1722
Tel.: (713) 751-0400
Fax: (713) 751-0906

*Attorneys for Plaintiff*

[additional counsel listed on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| JANICE ZELLERINO, *individually and on behalf of others similarly situated,* | CASE NO. 16-cv-00485-JLS-AJW |
| *Plaintiff,* | **CLASS ACTION** |
| *v.* | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CERTIFICATION UNDER RULE 54(B); MEMORANDUM OF POINTS AND AUTHORITIES** |
| ANDREW ROOSEN, SALEM SHUBASH, ARMORED INVESTMENT GROUP, INC., DATAMYX LLC, *and* EQUIFAX INFORMATION SERVICES, LLC,* | |
| *Defendants.* | Date:  November 4, 2016<br>Time:  2:30 p.m.<br>Ctrm:  10A<br>Judge:  Josephine L. Staton |

TO:  ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, at 2:30 p.m. on November 4, 2016, or

such other date and time as the Court may set, in Courtroom 10A of the above-

captioned Court, located at 411 West Fourth Street, Room 1053, Santa Ana, California, Plaintiff will, and hereby does, move this court for an order certifying the Court's Order Granting the Motions to Dismiss filed by Defendant Datamyx LLC ("Datamyx") and Equifax Information Services LLC ("Equifax") (the "Dismissal Order"), (Dkt. 95), for immediate appeal. Defendants do not oppose this Motion.

This motion is made pursuant to Federal Rule of Civil Procedure 54(b) on the grounds that the Court's Dismissal Order finally determined Plaintiff's claims against Datamyx and Equifax, and there is no just reason for delay in appealing the Court's dismissal of Datamyx and Equifax for lack of personal jurisdiction.

This motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities, the pleadings and records of this action; any argument presented at the hearing on the Motion; and such other and further matters as the court may properly consider.

Dated: October 6, 2016          Respectfully submitted,

By: /s/ Michael A. Caddell
    Michael A. Caddell (SBN 249469)
    mac@caddellchapman.com
    Cynthia B. Chapman (SBN 164471)
    cbc@caddellchapman.com
    Amy E. Tabor (SBN 297660)
    aet@caddellchapman.com
    Benjamin C. Wickert (*pro hac vice*)
    bcw@caddellchapman.com
    CADDELL & CHAPMAN
    628 East 9th Street
    Houston, TX 77007-1722
    Tel.: (713) 751-0400
    Fax: (713) 751-0906

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Lee A. Sherman

Lee A. Sherman (SBN 172198)
lsherman@ctsclaw.com
Suren N. Weerasuriya (SBN 278521)
sweerasuriya@ctsclaw.com
CALLAHAN THOMPSON SHERMAN &
CAUDILL, LLP
2601 Main Street, Suite 800
Irvine, CA 92614
Tel.: (949) 261-2872
Fax: (949) 261-6060

/s/ Ian B. Lyngklip

Ian B. Lyngklip (*pro hac vice forthcoming*)
ian@michiganconsumerlaw.com
LYNGKLIP & ASSOCIATES CONSUMER
LAW CENTER, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
Tel.: (248) 208-8864
Fax: (248) 208-9073

*Attorneys for Plaintiff Janice Zellerino*

## MEMORANDUM OF POINTS AND AUTHORITIES

Because this Court's order dismissing Plaintiff's claims against Defendants Datamyx LLC ("Datamyx") and Equifax Information Services, LLC ("Equifax") for lack of personal jurisdiction involves distinct parties, legal claims, and issues, and there is no just reason to delay Plaintiff's appeal, the Court should enter final judgment as to Datamyx and Equifax and certify its order dismissing these parties for lack of personal jurisdiction for immediate appeal. Defendants do not oppose certification of the Court's personal jurisdiction dismissal order for immediate appeal.

## I. PROCEDURAL BACKGROUND

Plaintiff Janice Zellerino brings claims on her own behalf and on behalf of a putative class against Datamyx, Equifax, and Andrew Roosen, Salem Shubash, and Armored Investment Group (the "Armored Defendants") arising out of the Armored Defendants' purchase of her consumer report from Datamyx, acting as Equifax's agent, and Equifax. (Dkt. 55 ¶ 42.) Plaintiff alleges that the Armored Defendants purchased hers and the Class members' private information without a Permissible Purpose in violation of the Fair Credit Reporting Act ("FCRA"). (*Id.* ¶ 45.) She further alleges that Datamyx and Equifax failed to conduct a reasonable investigation, which would have shown that the Armored Defendants lacked any Permissible Purpose for purchasing consumer reports and that Equifax illegally concealed Datamyx's role in the transaction. (*Id.* ¶¶ 92–97.)

The Armored Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim against Mr. Roosen and Mr. Shubash individually and as barred by the statute of limitations. (Dkt. 56.) Both Datamyx and Equifax moved to dismiss for lack of personal jurisdiction, and Datamyx also moved to dismiss on limitations grounds. (Dkts. 61–62.)

On August 22, 2016, this Court entered an Order (the "Dismissal Order") denying the Armored Defendants' Motion to Dismiss, (Dkt. 56), but granting Datamyx's and Equifax's Motions to Dismiss for lack of personal jurisdiction. (Dkt. 95.) Specifically, the Court found that while Plaintiff had stated a claim against Mr. Roosen and Mr. Shubash individually, and her claims against the Armored Defendants were not barred by limitations, the Court could not exercise personal jurisdiction over out-of-state Defendants Datamyx and Equifax consistent with the Due Process Clause. (Dkt. 95 at 9–11.) Plaintiff's claims against Datamyx and Equifax were accordingly dismissed without prejudice. (*Id.* at 17.)

Plaintiff now moves for certification of the Dismissal Order as a final, appealable order under Rule 54(b), which provides that when an action involves multiple parties, the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" if the Court determines that there is "no just reason for delay." FED R. CIV. P. 54(b).

## II. STANDARD OF REVIEW

Whether an order constitutes a "final judgment" as to one or more claims and/or parties is subject to *de novo* review. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005). Once that determination has been made, "[i]t is left to the sound discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* at 878.

## III. ARGUMENT AND AUTHORITIES

### A. The Court's Dismissal Order finally disposed of Plaintiff's claims against Datamyx and Equifax.

In considering whether to certify an order as appealable under Rule 54(b), "[a] district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is '"an ultimate disposition of an individual claim entered in the

course of a multiple claims action.'" *Wood*, 422 F.3d at 878 (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Here, the Court's Dismissal Order constitutes a final judgment because it disposes of all Plaintiff's claims against Datamyx and Equifax. (Dkt. 95 at 17.)

The Dismissal Order presents an ideal case for Rule 54(b) certification, because it concerns both separate parties and different legal issues from Plaintiff's ongoing claims against the Armored Defendants. In similar circumstances, the Southern District of New York certified an order dismissing all but one defendant for lack of personal jurisdiction as a final judgment under Rule 54(b). *Grand River Enters. Six Nations Ltd. v. Pryor*, 425 F.3d 158, 164 (2d Cir. 2005). The Second Circuit affirmed the 54(b) certification, explaining that entry of final judgment was proper where "at least one of the claims or the rights and liabilities of at least one party has been finally determined." *Id.* at 164–65 (finding jurisdiction to hear the appeal and ultimately reversing the dismissals, finding that jurisdiction over out-of-state defendants was proper under New York long-arm statute); *see also Hall*, 568 F.3d at 747 (holding that Rule 54(b) certification was proper where summary judgment disposed of all claims against one defendant). The "final judgment" requirement for appeal is therefore met. *Wood*, 422 F.3d at 878.

## B. There is no just reason for delay in appealing the Court's Order dismissing Datamyx and Equifax for lack of personal jurisdiction.

The Ninth Circuit "has eschewed setting narrow guidelines for district courts to follow" in determining whether just reason for delay exists under Rule 54(b). *Wood*, 422 F.3d at 878. District courts have a broad range of discretion in considering any equitable factors that might bear on the appropriate time for appeal. *Id.* The Ninth Circuit has observed, however, that such factors may include:

1       whether certification would result in unnecessary

2       appellate review; whether the claims finally adjudicated

3       were separate, distinct, and independent of any other

4       claims; whether review of the adjudicated claims would be

5       mooted by any future developments in the case; whether

6       an appellate court would have to decide the same issues

7       more than once even if there were subsequent appeals; and

8       whether delay in payment of the judgment (which in that

9       case could be years because of the complexity of the

10      remaining claims) would inflict severe financial harm.

11 *Id.* at 878 n.2 (citing *Curtiss-Wright*, 446 U.S. at 8). Also relevant is whether

12 "appellate resolution of the certified claims might facilitate settlement of the

13 remaining claims." *Id.* In considering whether claims are sufficiently "distinct" for

14 54(b) certification, "claims certified for appeal do not need to be separate and

15 independent from the remaining claims, so long as resolving the claims would

16 'streamline the ensuing litigation.'" *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009).

17       Equitable factors overwhelmingly favor certification for immediate appeal

18 here. First, Plaintiff's claims against Equifax and Datamyx are distinct from her

19 claims against the Armored Defendants because they arise under different sections

20 of the FCRA. (Dkt. at 20–25.) Plaintiff brings claims against Equifax and Datamyx

21 for failure to maintain reasonable procedures to ensure that users of consumer

22 reports have a Permissible Purpose for accessing the reports, in violation of 15 U.S.C.

23 §§ 1681b and 1681e. (Dkt. 55 at 20-22.) Plaintiff also brings a claim against Equifax

24 for failure to disclose that Datamyx had procured a copy of her report from Equifax

25 when she requested a file disclosure under 15 U.S.C. § 1681g. (*Id.* at 22–23.)

26 Plaintiff's claims against the Armored Defendants, in contrast, arise under 15 U.S.C.

27

28

§ 1681b(f) and § 1681q for obtaining her consumer report without a permissible purpose and under false pretenses. (*Id.* at 24–25.)

Moreover, the Dismissal Order finally dismisses of all claims against Equifax and Datamyx without prejudice and bases its dismissal solely on lack of personal jurisdiction, without considering the merits of Plaintiff's substantive claims. (Dkt. 95 at 15.) The legal issues regarding whether Equifax and Datamyx are subject to personal jurisdiction are distinct from the factual and legal issues at stake regarding the merits of Plaintiff's claims. *See Grand River*, 425 F.3d at 164–65 (finding that Rule 54(b) certification of personal jurisdiction dismissals was proper). Thus, certification here does not present a risk of "piecemeal" appeals that would require the appellate court to decide the same issues more than once on subsequent appeals. *See Wood*, 422 F.3d at 878 (explaining that Rule 54 "'"preserves the historic federal policy against piecemeal appeals"'"). This factor strongly favors certification.

In addition, resolution of the personal jurisdiction issue would give the litigants increased certainty about the strength of their litigation positions, increasing the likelihood of settlement. Considerable uncertainty currently exists regarding whether Equifax and Datamyx will ultimately be found subject to personal jurisdiction in California, particularly in light of the California Supreme Court's recent decision holding that an out-of-state pharmaceutical manufacturer was subject to personal jurisdiction in California in a products-liability case brought by non-California residents. *Bristol-Meyers Squibb Company v. Superior Court*, __ P.3d __, 2016 WL 4506107, at *10 (Cal. August 29, 2016) (holding that defendant purposefully availed itself of California law by employing sales representatives and operating research facilities in the state and that plaintiffs' claims arose out of this in-state activity). The certainty that appellate resolution would provide would increase the likelihood of settlement. *See Wood*, 422 F.3d at 882 n.6 (holding that

increased prospects of settlement are relevant to the "just reason for delay" inquiry and noting that the Ninth Circuit defers to district courts regarding such findings). This factor also favors certification.

Finally, considerations of efficiency and judicial economy strongly favor Rule 54(b) certification of the Dismissal Order. If this case were to proceed against the Armored Defendants only, with appeal of the Dismissal Order not allowed until after entry of a final judgment on Plaintiff's distinct claims against the Armored Defendants, it is possible that the Court would have to conduct duplicative proceedings on remand. This factor weighs strongly in favor of certification. *See Grand River*, 425 F.3d at 165 (affirming Rule 54(b) certification of personal jurisdiction dismissal where "the district court reasoned that certification might avoid a duplicative trial should the decision denying personal jurisdiction ... be reversed"); *see also Noel*, 568 F.3d at 747 (holding that district court properly determined that there was no just reason for delay of appeal of order dismissing claims against one of multiple defendants).

## C. Plaintiff requests clarification of the Court's Order to address an issue raised by Datamyx.

As part of the meet-and-confer process, counsel for Defendant Datamyx raised a possible objection to plaintiff's request for Rule 54(b) certification, but noted its willingness to not raise the objection if the Court clarifies its earlier ruling.

Datamyx recognizes that "there is no just reason for delay" of the contemplated appeal by Plaintiff of the personal-jurisdiction rulings of the Court, because those issues are wholly separate from any issue relating to Plaintiff's claims against the Armored Defendants. Separately, as part of Datamyx's motion to dismiss, it raised an alternative argument that Plaintiff's claims against Datamyx were barred by the statute of limitations. The Armored Defendants also made

statute-of-limitations arguments in seeking dismissal of the claims against those defendants. The Court did not expressly rule on Datamyx's motion as it related to the statute of limitations. Given the Court's threshold ruling that it did not have personal jurisdiction over Datamyx, it could not do so. However, the ruling notes that Datamyx and the Armored Defendants both argued that the FCRA claims were time-barred, (Dkt. 95 at 11), and addressed arguments made by Datamyx in support of its motion. (Dkt. 95 at 12–15.)

Out of an abundance of caution, in order to confirm that the Court's ruling did not address Datamyx's motion as to the statute-of-limitations defenses, and thereby eliminate the need for Datamyx to cross-appeal,  Plaintiff requests that the Court's order granting her Rule 54(b) motion clarify that the earlier ruling, (Dkt. 95), did not in any way rule on Datamyx's motion to dismiss on statute of limitations grounds. With that clarification, Datamyx has no objection to Plaintiff's motion.

## IV. Conclusion

For the reasons stated above, the Court should certify its order dismissing Datamyx and Equifax for lack of personal jurisdiction as a final, appealable judgment under Rule 54(b) and direct the clerk to enter final judgment as to Datamyx and Equifax.

1   Dated: October 6, 2016

2

3   By: */s/ Michael A. Caddell*
    Michael A. Caddell (SBN 249469)
4   mac@caddellchapman.com
    Cynthia B. Chapman (SBN 164471)
5   cbc@caddellchapman.com
    Amy E. Tabor (SBN 297660)
6   aet@caddellchapman.com
    Benjamin C. Wickert (*pro hac vice*)
7   bcw@caddellchapman.com
    CADDELL & CHAPMAN
8   628 East 9th Street
9   Houston, TX 77007-1722
    Tel.: (713) 751-0400
10  Fax: (713) 751-0906

11  */s/ Lee A. Sherman*
    Lee A. Sherman (SBN 172198)
12  lsherman@ctsclaw.com
    Suren N. Weerasuriya (SBN 278521)
13  sweerasuriya@ctsclaw.com
    CALLAHAN THOMPSON SHERMAN &
14  CAUDILL, LLP
    2601 Main Street, Suite 800
15  Irvine, CA 92614
    Tel.: (949) 261-2872
16  Fax: (949) 261-6060
17

18  */s/ Ian B. Lyngklip*
    Ian B. Lyngklip (*pro hac vice forthcoming*)
19  ian@michiganconsumerlaw.com
    LYNGKLIP & ASSOCIATES CONSUMER
20  LAW CENTER, PLC
    24500 Northwestern Highway, Ste. 206
21  Southfield, MI 48075
    Tel.: (248) 208-8864
22  Fax: (248) 208-9073
23

24  *Attorneys for Plaintiff Janice Zellerino*

Respectfully submitted,

# CERTIFICATE OF CONFERENCE

I, Amy E. Tabor, hereby certify that on September 22, 2016, I conferred with Meryl Roper and Michael O'Neil, counsel for Equifax and Datamyx, respectively, regarding the substance of this motion. Ms. Roper indicated that Equifax was not opposed to the relief requested. Mr. O'Neil requested additional information before he could definitively state Datamyx's position. On September 29, 2016, I spoke with Robert Hahn, counsel for the Armored Defendants, by telephone, and he stated that the Armored Defendants were not opposed to the relief requested. On October 3, 2016, I received confirmation by email from Mr. O'Neil that, given the clarification requested in Section III.C to the Memorandum in Support of this Motion that the Court's Order dismissed Datamyx only on the threshold jurisdictional issue and did not expressly rule on Datamyx's motion as it related to the statute of limitations, Datamyx was also not opposed to the relief requested.

*/s/ Amy E. Tabor*
Amy E. Tabor

# CERTIFICATE OF SERVICE

I, Amy E. Tabor, hereby certify that on October 6, 2016 this document was filed with the Court using the CM/ECF system and thereby served on all counsel of record.

*/s/ Amy E. Tabor*
Amy E. Tabor

Plaintiff's notice of Motion and motion for Certification Under Rule 54(b); Memorandum of Points and Authorities